# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANGELINA NUNES, et al., | Case No. 1:17-cv-00633-DAD-SAB |
|---|---|
| Plaintiffs, | ORDER REQUIRING MINOR PLAINTIFFS TO APPLY FOR APPOINTMENT OF GUARDIAN AD LITEM |
| v. | |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

On May 5, 2017, this action was filed by Plaintiffs Angelina Nunes, Emanuel Alves, and minors D. X. and L. X. In the complaint, the minors asserted that they would be applying to this court for appointment of a guardian ad litem. However, no request for appointment of a guardian ad litem has been filed.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests

1

of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id. at *2.

Accordingly, IT IS HEREBY ORDERED that within ten (10) days from the date of entry of this order, Plaintiffs D.X. and L.X. shall either file a notice regarding appointment as guardian ad litem by the State court or a petition for appointment of guardian ad litem in this action.

IT IS SO ORDERED.

Dated: **May 17, 2017**

UNITED STATES MAGISTRATE JUDGE