# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA NUNES, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, et al., <br><br>  Defendants. | Case No. 1:17-cv-00633-DAD-SAB <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' THIRD SUPPLEMENTAL RULE 26 DISCLOSURE AND VACATING MARCH 25, 2020 HEARING <br><br> (ECF Nos. 63, 64, 66) |

Currently before the Court is Defendants' motion to strike Plaintiffs' third supplemental Rule 26 disclosure. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on March 25, 2020, will be vacated and the parties will not be required to appear at that time. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**I.**

**BACKGROUND**

Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2017, based on the removal of the minor children from their parents' home. On October 19, 2017, the scheduling order issued in this action setting pretrial deadlines. The final pretrial order in this matter was filed on February 28, 2019. On January 9, 2020, Plaintiff served third supplemental

1

witness disclosures in this matter.[1]  (ECF No. 63-3 at 202-08.)  The matter is currently set for a jury trial on May 19, 2020.  On February 10, 2020, Defendants filed a motion to strike Plaintiffs' third supplemental Rule 26 disclosures.  Plaintiffs filed an opposition on March 3, 2020. Defendants filed a reply on March 10, 2020.

## II

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires parties to promptly disclose the identity of each witness and document or other exhibit it intends to present at trial.  Fed. R. Civ. P. 26(a)(3)(A).  Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed unless the failure was substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); R & R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012).  "The Advisory Committee Notes describe [this] as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material. . . .' "  Yeti by Molly, Ltd., 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's note (1994)).  The burden is on the party seeking to admit the evidence to demonstrate that the failure to disclose was substantially justified or harmless.  Yeti by Molly, Ltd., 259 F.3d at 1107; R & R Sails, Inc., 673 F.3d at 1246.

Where a party does not provide a sufficient explanation for its late disclosure, preclusion of the witness and/or evidence is appropriate.  See Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming preclusion of witness due to plaintiff's failure to justify disregard for court's discovery deadline); Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir. 1991) (upholding decision to disregard evidence based on "tardy submission of the evidence without explanation"); Wong v. Regents of University of California, 410 F.3d 1052, 1061-62 (9th Cir. 2005) (upholding preclusion where party did not provide explanation for late disclosure).

---

[1] The proof of service states that the documents were served on January 9, 2018.  However, the supplemental disclosures and the proof of service are dated January 9, 2020.  It appears that the proof of service incorrectly listed the date of service as 2018 rather than 2020.

# III.

# DISCUSSION

Defendants move to strike Plaintiffs' third supplemental disclosures on the grounds that 1) the probative value is substantially outweighed by the factors enumerated in Rule 403 of the Federal Rules of Civil Procedure; and 2) the lack of compliance with Rules 16, 26, and 37 of the Federal Rules of Civil Procedure. Defendants argue that they would need to reopen discovery to conduct depositions of the witnesses and that allowing the witnesses would result in a mini trial on the claims raised in their complaint during the trial of this action.

Plaintiffs counter that they served their second supplemental disclosures on June 29, 2018, and Defendants did not depose the individuals identified. Plaintiffs argue that the final pretrial order now governs in this action and Plaintiffs' motion to strike is without legal basis. Plaintiffs contend that the witnesses identified in the third supplemental disclosure are relevant and there is little if any discovery that would be needed because it would be for the jury to determine the credibility of the witnesses.

Defendants reply that this motion is properly brought under Rules 16, 26, and 37 and Plaintiffs are incorrect that there is no legal basis for the motion. Further, Defendants contend that Plaintiffs' opposition is devoid of any argument that their supplemental disclosures were timely.

Plaintiffs' third supplemental disclosures identified 12 witnesses: Taylor Webb, Jeremy Westfall, Frank Westfall, Melynda Westfall, Ophelia Nguyen, Erica Powell, Claudia Llamas-Caballero, Patricia Tout, Eric Anderson, April Cobbs, Lawrence Jones, and Howard Courney and was served on January 9, 2020. (ECF No. 63-3 at 202-08.) Eleven of these twelve witness have not previously been identified in Plaintiffs' Rule 26 disclosures. (Decl. of Bradley J. Swingle ¶ 8, ECF No. 63-2.) None of the witnesses were included on Plaintiffs' witness list attached to the pretrial order. (ECF No. 53 at 14.)

Plaintiffs argue that there is no legal basis for a motion to strike their supplemental disclosures. Here, Plaintiffs have not sought to amend the pretrial order to include the witnesses

identified in their third supplemental Rule 26 disclosure.[2]  The Court shall address the motion to strike on the ground that it violates Rule 26 and 16 of the Federal Rules of Civil Procedure.

Rule 26 provides that the parties must disclose the witnesses at least thirty days prior to trial unless the court requires otherwise.  Fed. R. Civ. P. 26(a)(3)(B).  Here, pursuant to Rule 16 of the Federal Rules of Civil Procedure, a scheduling order governing this matter was filed on October 19, 2017.  (ECF No. 24.)  The October 19, 2017 scheduling order provided that the parties were to exchange initial disclosures by January 8, 2018.  (Id. at 2.)  All non-expert discovery was to be completed by June 30, 2018, and the parties were advised that "[t]he provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced."  (Id. at 2-3.)  The instant motion to strike the supplement disclosure is properly brought under Rule 26.  See Lopez Espiritu v. Hartman, No. 16CV04623CBASJB, 2020 WL 93891, at *5 (E.D.N.Y. Jan. 8, 2020) (motion to strike is proper where not based on the merits but the relief is sought due to the failure to abide by deadlines in the court's case management order).

Defendants contend that Plaintiffs' supplemental witness disclosure was not timely under Rule 26 and was calculated to result in unfair surprise and prejudice to Defendants.  Defendants

---

[2] The pretrial order states,

> A.  The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:
> (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference; or
> (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.
> B.  Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:
> (1) The witness could not reasonably have been discovered prior to the discovery cutoff;
> (2) The court and opposing parties were promptly notified upon discovery of the witness;
> (3) If time permitted, the party proffered the witness for deposition; and
> (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

(Final Pretrial Order 8, ECF No. 53.)  Plaintiffs attach a letter to District Judge Dale A. Drozd regarding the third supplemental Rule 26 disclosure.  (ECF No. 64-1 at 7.)  However, the proof of service does not show that the supplemental disclosure was served on the court (ECF No. 63-3 at 208), and it has not been received on the docket.  This Court will not address whether the witness should be allowed at trial under the pretrial order.  The Court does note that there is no motion pending to allow amendment of the pretrial order.

argue that it is clear that Plaintiffs were aware of the new case which is the basis of the third supplemental disclosures as early as November 28, 2019. Further, Plaintiffs' counsel drafted and filed a complaint regarding this new case on December 9, 2019. However, the supplemental witness disclosure was not served on Defendants until January 9, 2020, four months prior to the trial of this action.

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd., 375 F. App'x at 713 (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)); Monroe v. Davis, No. 2:13-CV-00863-GMN, 2014 WL 3845121, at *2 (D. Nev. Aug. 4, 2014).

On December 9, 2019, counsel for Plaintiffs in this action, filed a complaint in Webb v. County of Stanislaus, No. 2:19-at-01147 (E.D. Cal.). It is clear from the Webb complaint that Mr. Powell was aware of the allegations in Webb at least by November 18, 2019. (Webb Compl. ¶ 445, ECF No. 63-3 at 187.) Although Plaintiffs were aware of the allegations by November 18, 2019, Plaintiffs did not serve their third supplemental disclosures until January 9, 2020. (ECF No. 63-3 at 208.) Plaintiffs' failure to timely disclose the witness has resulted in unfair surprise to Defendants in this action. Plaintiffs argue that little if any discovery is necessary because it is for the jury to determine the credibility of the witnesses. However, Defendants are entitled to conduct discovery regarding the allegations against the county and to test the credibility of the witnesses.

Plaintiffs do not address the timeliness of the disclosures in their opposition to the motion to strike. Pursuant to Rule 26, Plaintiffs were required to disclose all witnesses and the scheduling order required all non-expert discovery to be completed by August 15, 2018. (ECF No. 32.) Although there is no evidence as to when Plaintiffs became aware of these new witnesses, Defendants have presented evidence that Plaintiffs were aware of this new case and the existence of the witnesses at the latest on November 18, 2019, but did not supplement their

disclosures until January 2020. Plaintiff have not offered any justification for the failure to timely disclose the witnesses. The fact that the witnesses were known and not disclosed earlier, despite the pretrial order requiring prompt notification of newly discovered evidence, indicates that the failure was willful. Here, Plaintiffs have not met their burden of demonstrating that the failure to timely disclose was justified.

Defendants also argue that they would be heavily and unfairly prejudiced should the witness be allowed to testify at trial as discovery in this matter has long been closed, the witnesses and their testimony has not been subject to any form of discovery, discovery would be needed regarding three separate Community Services Agency investigations, and depositions of these witness and potentially others would be necessary. Plaintiffs argue that there is no need for Defendants to conduct discovery or if they wish to do so Plaintiffs will cooperate in completing any depositions prior to the trial of this matter. In their opposition, Plaintiffs state that Defendants have three months to depose the witnesses and they should "get moving on it if they have decided that these Monell witnesses are worth deposing." (ECF No. 64 at 8.) However, Plaintiffs ignore the fact that discovery in this matter has been closed since June 30, 2018. Allowing Plaintiffs to supplement their disclosures to identify eleven new witnesses at this time would require the Court to reopen discovery and issue a new scheduling order which would impact the trial date in this action. With less than four months remaining until trial, Defendants will be required to turn their focus away from trial preparation and conduct discovery, including deposing up to eleven new witnesses, if the supplemental disclosures are not stricken.

The trial of this matter was originally confirmed for April 2, 2019. (ECF No. 48.) The trial was continued to June 11, 2019 at the request of the parties. (ECF No. 54.) The trial was continued a second time to July 23, 2019 at the request of the parties. (ECF No. 56.) The trial was continued due to the unavailability of the court to November 19, 2019. (ECF No. 57.) The trial was continued a second time due to the unavailability of the court to May 19, 2020. (ECF No. 60.) Here, Plaintiff waited to disclose the new witnesses until four months prior to trial. To continue the trial a fifth time based on the last-minute disclosure of eleven new witnesses that Plaintiffs knew about for almost two months would be prejudicial to the defendants. See Ollier

1 v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 863 (9th Cir. 2014) (exclusion of 38 relevant witnesses disclosed on the eve of trial not abuse of discretion); Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008) (affirming preclusion of evidence of damages disclosed on the eve of trial); Ingenco Holdings, LLC v. Ace Am. Ins. Co., 921 F.3d 803, 821–22 (9th Cir. 2019) (late disclosure was not harmless because it disrupted both defendant's and the court's schedules); ); Hoffman, 541 F.3d at 1180 (late disclosure was not harmless where it would likely require court to create a new briefing schedule and re-open discovery); Nat'l R.R. Passenger Corp. v. Young's Commercial Transfer, Inc., No. 1:13-CV-01506-DAD-EPG, 2016 WL 1573262, at *6 (E.D. Cal. Apr. 19, 2016) (excluding testimony where all discovery had closed, the time for the filing of dispositive law and motion had passed, and final pretrial conference was less than six weeks away).

The Court finds that Defendants have demonstrated prejudice due to the untimely disclosure of the witnesses. Plaintiffs have failed to meet their burden to show that the failure to timely disclose the witnesses is harmless.

The Court finds that Plaintiffs have failed to meet their burden to demonstrate that the failure to disclose was substantially justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1107. Accordingly, Plaintiffs are precluded from using the witnesses at trial due to the failure to comply with Rule 26. Fed. R. Civ. P. 37(c)(1).

This Court only addresses the current motion to the extent that it raises the issue of failure to timely disclose under Rule 26. As noted in footnote 2, there is no pending motion to amend the pretrial order pending before Judge Drozd. The Court makes no findings as to whether Plaintiffs witnesses would be allowed under the procedures set forth in the pretrial order: that issue is for the judge who signed the order to address, not this judge.

/ / /
/ / /
/ / /
/ / /
/ / /

# III.

# CONCLUSION AND ORDER

The Court finds that Plaintiffs have failed to demonstrate that their failure to timely disclose the witnesses identified in their third supplemental disclosure was substantially justified or harmless.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike Plaintiff's third supplemental Rule 26 disclosure is GRANTED;
2. Plaintiffs' third supplemental Rule 26 disclosure is STRICKEN;
3. Plaintiffs are precluded from using the witnesses at trial as provided by Rule 37 of the Federal Rules of Civil Procedure for the violation of Rule 26; and
4. The March 25, 2020 hearing is VACATED and the parties are not required to appear on that date.

IT IS SO ORDERED.

Dated: __**March 19, 2020**__

UNITED STATES MAGISTRATE JUDGE