UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA NUNES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendant. | No. 1:17-cv-00633-DAD-SAB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO MODIFY FINAL PRETRIAL ORDER AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AS MOOT<br><br>(Doc. Nos. 69, 73) |

This matter is before the court on plaintiffs' motion to modify the Final Pretrial Order issued on February 28, 2019 (Doc. No. 53) (hereinafter "Final PTO") pursuant to Federal Rule of Civil Procedure 16(e). (Doc. No. 69.) With their opposition, defendants have filed a request for judicial notice. (Doc. No. 73.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court took these matters under submission to be decided on the papers, without holding a hearing. (Doc. No. 71.) For the reasons explained below, the court will deny plaintiffs' pending motion to modify the Final PTO and deny defendants' request for judicial notice as having been rendered moot.

**BACKGROUND**

Plaintiffs commenced this action on May 5, 2017 seeking damages allegedly sustained as a result of the temporary removal of their children from their custody by defendants for a period

1

of 51 days during the summer of 2016.  (Doc. No. 1.)  The complaint asserts the following causes of action:  (1) violation of the Fourteenth Amendment right of familial association; (2) violation of the Fourth Amendment based upon a seizure; (3) violation of the Fourteenth Amendment based upon a continued detention; (5) intentional infliction of emotional distress; and (6) liability of Stanislaus County pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) due to the allegedly improper removal and continued detention of plaintiffs' children.  (*Id.*)

On February 28, 2019, the court issued the Final PTO.  (Doc. No. 53.)  The jury trial in this case was originally scheduled for April 2, 2019.  (Doc. No. 53 at 12.)  Due to a joint request of the parties followed by the unavailability of the court, the COVID-19 pandemic, and the ongoing judicial emergency affecting the Eastern District of California, the jury trial in this action was continued multiple times and is currently scheduled for November 9, 2021.  (Doc. Nos. 54, 57, 60, 68, 76, 79, 81.)

Plaintiffs seek to modify the February 28, 2019 Final PTO to add four witnesses who they assert were discovered by them in November 2019, arguing that those witnesses are crucial to prove the recurrence of similar conduct in support of their *Monell* claim against defendant Stanislaus County.  (Doc. Nos. 69 at 3; 70.)  The proposed witnesses are parents whose children were allegedly improperly removed by the Community Services Agency social workers beginning on October 31, 2019, as well as two other family members.  (Doc. Nos. 63-3 at 203; 69 at 3; 73 at 124.)

Plaintiffs represent that on January 9, 2020, they provided defendants with a supplemental Rule 26 disclosure (Doc. No. 73 at 201–08.), which included the names of twelve new witnesses.  (Doc. No. 69 at 4.)  On February 10, 2020, defendants filed a motion to strike plaintiffs' Third Supplemental Rule 26 Disclosure, and plaintiffs filed their opposition thereto on March 3, 2020.  (Doc. Nos. 63, 64.)  On March 20, 2020, the assigned magistrate judge granted defendants' motion to strike, thereby denying plaintiffs the ability to add the recently-disclosed witnesses.  (Doc. No. 67 at 8.)

/////

Thereafter, on April 30, 2020, plaintiffs wrote letter to the court seeking clarification as to how they would be able to modify the Final PTO, and court staff directed plaintiffs to file a motion. (Doc. No. 75-2.) Thus, on May 27, 2020, plaintiffs filed the pending motion to modify the Final PTO.[1] (Doc. No. 69.) On July 7, 2020, defendants filed their opposition to that motion along with a request for judicial notice of eight documents. (Doc. Nos. 72, 73.) On July 14, 2020, plaintiffs' filed their reply to defendants' opposition. (Doc. No. 75.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 16(e) governs modification of a final pretrial order, allowing such modification "only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992). The Ninth Circuit uses a four factor test to determine whether to modify a final pretrial order outlined in *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998), *superseded by statute on other grounds as noted in Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). In deciding whether to modify a Final PTO, the district court considers:

> (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Byrd*, 137 F.3d at 1131; *see also Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005); *Est. of Holton ex rel. Holton v. Terhune*, 40 Fed. App'x. 387, 390 (9th Cir. 2002). Other courts, including those of this District, have held that a movant must also make a showing of diligence. *WLD Invs., Inc. v. Xecom Corp.*, 35 Fed. App'x. 609, 612 (9th Cir. 2002); *Dompatci Mgmt. Sols. v. Vensure HR, Inc.*, No. 2:17-cv-02399-KJM-AC, 2020 WL 5502359, at *2 (E.D. Cal. Sept. 11, 2020).

/////

/////

---

[1] On May 28, 2020, plaintiffs filed the proposed order in connection with their motion to modify the PTO. (Doc. No. 70)

3

**DISCUSSION**

**A.     Plaintiffs' Motion to Modify the Final PTO**

Plaintiffs seek to modify the Final PTO to include witnesses plaintiffs believe are crucial to support their claims against Stanislaus County and to prove a pattern of similar, allegedly wrongful conduct on the part of that defendant.  (Doc. No. 69 at 3.)  Defendants contend that plaintiffs' motion is untimely and that they would be prejudiced if it were granted.  (Doc. No. 72 at 10.)  Defendants argue that the new witnesses' proposed testimony is not sufficiently related to this case and would be an inefficient use of the court's time.  (*Id.* at 20.)[2]

Plaintiffs present their arguments in support of their motion to modify in a conclusory fashion.  Those arguments lack the requisite detail required to demonstrate that manifest injustice—a high bar—would result in the absence of this court granting plaintiffs the relief sought.  In their briefing plaintiffs do not even mention the names of two of the four trial witnesses they now belatedly seek to include in the PTO's list of trial witness.  While those names appear in plaintiffs' proposed order, they have provided no explanation as to the alleged significance or substance of the potential trial testimony they hope to elicit from the witnesses they now belatedly seek to add to their trial witness list.  Plaintiffs also fail to establish the necessity of the four witnesses to support their *Monell* claim or why the testimony they seek from these witnesses could not be elicited from other witnesses who were originally listed by plaintiffs and appear on the Final PTO's witness list.

Separately, plaintiffs utterly fail to explain why the Final PTO should be modified as they request.  The PTO specifically provides as follows:

> A. The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:
>
> (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably

---

[2] The court notes that defendants' opposition to plaintiffs' motion apparently mistakenly contends that plaintiffs are seeking to add "eleven" trial witnesses.  (Doc. No. 72 at 5).  However, the proposed order submitted by plaintiffs with their motion to modify the PTO lists only four additional witnesses.  (Doc. No. 70 at 2.)  The court will base its analysis on the assumption that plaintiffs actually seek to add only those four identified in their proposed order as trial witnesses.

        anticipated at the pretrial conference; or

        (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

        B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2) The court and opposing parties were promptly notified upon discovery of the witness;

        (3) If time permitted, the party proffered the witness for deposition; and

        (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

(Doc. No. 53 at 8.) Plaintiffs have failed to adequately address each of these requirements and have also failed to meet the high standard of establishing manifest injustice if their motion were denied. *See Coston v. Nangalama*, No. 2:10-CV-02009-MCE, 2014 WL 2876700, at *1 (E.D. Cal. June 24, 2014) (citing *Byrd*, 137 F.3d at 1132) ("It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified.")[3]

Accordingly, plaintiffs' motion to modify the Final PTO will be denied.

/////

/////

---

[3] The court recognizes that these are unusual times in light of the COVID-19 pandemic and the impact it has had on the court's ability to conduct jury trial; a situation exacerbated by the judicial emergency in this district in light of the long-standing lack of adequate judicial resources. (*See* Doc. No. 62.) Absent these circumstances, this case would have gone to jury trial in April of 2019 or soon thereafter. Nonetheless, one of the consequences of these unfortunate circumstances cannot, in the courts view, be that all scheduling orders in pending cases be in effect vacated and that discovery and law and motion remain open in all civil cases until the court is in a position to conduct the jury trial. Thus, absent a more compelling showing and argument, the undersigned is unpersuaded by the notion that there is no harm in permitting the listing of new witnesses and the reopening of discovery, and potentially law and motion, because civil jury trials remain largely unavailable in this court.

**B.     Defendants' Request for Judicial Notice**

Defendants request that court take judicial notice of eight documents: six documents that were filed on the docket in this same action (Doc. Nos. 1, 24, 53, 55, 63, 67); plaintiffs' Third Supplemental Rule 26 Disclosure (Doc. No. 73 at 201–08); and the complaint in *Webb, et. al. v. County of Stanislaus*, No. 1:19-cv-01716-DAD-EPG filed on December 9, 2019 (*id*. at 122–200). Because the court will deny plaintiffs' motion, the court will deny defendants' request for judicial notice as having been rendered moot.[4]  (Doc. No. 73.)

**CONCLUSION**

For the above-stated reasons, plaintiffs' motion to modify the Final Pretrial Order (Doc. No. 69) is denied and defendants' request for judicial notice is denied as having been rendered moot.

IT IS SO ORDERED.

Dated:     **August 27, 2021**                            /s/ Dale A. Drozd
                                                          UNITED STATES DISTRICT JUDGE

---

[4] Although the court will not rule on the pending motion, the court notes that it suffers from multiple defects. First, defendants' request does not indicate what facts, if any, they seek the court to notice. If the court takes judicial notice of a document, it should identify the fact it is taking judicial notice of. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018); Fed. R. Evid. 201.  Second, a party "need not seek judicial notice of documents filed in the same case." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (citing *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 960 (N.D. Cal. 2014)). These documents are already a part of the record in this case, and, if appropriate, the court would consider the record in ruling on the pending motion. *Perez v. DNC Parks & Resorts at Sequoia*, No. 1:19-cv-00484-DAD-SAB, 2020 WL 4344911, at *2 (E.D. Cal. July 29, 2020).  Lastly, discovery responses are inherently subject to reasonable dispute and do not come from "sources whose accuracy cannot reasonably be questioned." *Germuhendislik Taahüt Proje v. Mems Precision Tech., Inc.*, No. 2:13-cv-05019-PSG-PJW, 2014 WL 12696767, at *3 (C.D. Cal. May 13, 2014) (quoting Fed. R. Evid. 201(b)(2)); *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (explaining that only "indisputable" facts are subject to judicial notice).