# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA NUNES, et al., | Case No. 1:17-cv-00633-DAD-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFFS' PETITION FOR MINOR'S COMPROMISE |
| v. | |
| COUNTY OF STANISLAUS, et al., | ECF Nos. 91, 95 |
| Defendants. | |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiffs Angelina Nunes, Emanuel Alves, and minors D.X. and L.X.'s (collectively "Plaintiffs") unopposed petition for minor's compromise, filed by and through counsel, and minor Plaintiffs D.X. and L.X.'s guardian ad litem, Angelina Nunes. (ECF No. 91.)[1]  The matter was referred to the Magistrate Judge for the issuance of findings and

---

[1] The Court notes a substantially identical petition was filed in the matter of Nunes v. County of Stanislaus (Nunes II), No. 19-cv-00204-DAD-SAB, the same day as the instant petition. Both petitions indicate a settlement amount was agreed to in exchange for a global dismissal of both the instant case (Nunes I) and Nunes II. The only differences between the two petitions (and their attached exhibits) exist in the first paragraph on page one of each petition, which sets out the distinct factual allegations specific to each case, and the case citations wherein this case and Nunes II refer to each other to indicate the global nature of the proposed settlement. (Compare ECF No. 91 with Pls.' Ex-Parte Pet. for Minor's Compromise ("Pet."), Nunes II, ECF No. 78.) Consequently, the District Judge

recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court, having reviewed the unopposed petition and the Court's record, shall recommend the petition for minor's compromise be granted.

## II.

## BACKGROUND

Plaintiffs initiated the instant action against Defendants County of Stanislaus, Kristen Johnson, and Eric Anderson on May 5, 2017.  (ECF No. 1.)   This actions arises from the temporary removal of Plaintiffs' minor children from their custody by Defendants for a period of fifty-one days during the summer of 2016, which Plaintiffs claim was unlawful and without a warrant or exigent circumstances.  (Id.)  The operative first amended complaint asserts causes of action for (1) violation of the Fourteenth Amendment right of familial association, (2) violation of the Fourth Amendment based upon a seizure, (3) violation of the Fourteenth Amendment based upon a continued detention, (4) violation of the California Constitution, Art. I, § 1, right to privacy, based upon Defendants Johnson and Anderson's communications with Plaintiff Angelina Nunes's sister-in-law about the details of their child abuse and neglect investigation, (5) intentional infliction of emotional distress, and (6) liability of Stanislaus County pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), based upon the allegedly improper removal and continued detention of Plaintiffs' children.  (ECF No. 37.)

On July 22, 2021, the Court set this matter for trial for January 11, 2022.  (See ECF Nos. 83, 85.)  On December 20, 2021, the parties alerted the Court a settlement had been reached and the Court vacated the trial date (see ECF No. 88); the parties were ordered to either file dispositional documents by April 15, 2022, or appear at a further status conference set for April 18, 2022.  (ECF No. 90.)

As noted below, Plaintiffs filed the instant petition for minor's compromise on March 21, 2022; thereafter, the Court vacated the status conference.  (ECF Nos. 91, 93.)

---

related the two Nunes cases and assigned both petitions to this Court for issuance of findings and recommendations.  (See ECF No. 94.)  Importantly, while related, the cases are not consolidated.  Accordingly, the instant order pertains to Plaintiffs' petition in this case, Nunes I, whereas the order filed concurrently in Nunes II shall address the petition filed in that matter.

2

On March 21, 2022, Plaintiffs filed a petition for minor's compromise.  (ECF No. 91.) The matter was ultimately set for hearing for June 1, 2022.  (See ECF No. 94.)  On May 17, 2022, Defendants filed a statement of non-opposition to the petition.  (ECF No. 95.)  On May 27, 2022, the Court vacated the June 1, 2022 hearing, finding that the motion was suitable for decision without oral argument.  (ECF No. 96.)

### III.

### LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.' " Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Local Rules for this district provide that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise." E.D. Cal. L.R. 202(b).  "In actions in which the minor . . . is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative." E.D. Cal. L.R. 202(b)(1).  In all other actions, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court.  The Court may also require the filing of experts' reports when none have previously been prepared or additional experts'

>  reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

E.D. Cal. L.R. 202(b)(2).

"When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c). "Upon the hearing of the application, the representative compromising the claim on behalf of the minor or incompetent, and the minor or incompetent shall be in attendance unless, for good cause shown, the Court excuses their personal attendance." E.D. Cal. L.R. 202(d).

In Robidoux, the Ninth Circuit cautioned that the typical practice of applying state law and local rules governing the award of attorneys' fees "places undue emphasis on the amount of attorney's fees provided for in settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." Robidoux, 638 F.3d at 1181. District courts should thus "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181–82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." Id.; but see A.G.A. v. Cnty. of Riverside, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *2 (C.D. Cal. Apr. 26, 2019) ("Some courts have read Robidoux to suggest it is improper to evaluate the reasonableness of attorneys' fees provisions in proposed settlement agreements of minors' claims . . . The Court declines to adopt this approach.").[2]

---

[2] In A.G.A., the court noted the action had "a key distinguishing feature from the facts presented in Robidoux

4

The holding of Robidoux was expressly "limited to cases involving the settlement of a minor's federal claims," and the Circuit did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." 638 F.3d at 1179 n.2. Some district courts have extended the application to state law claims. See Calderon v. United States, No. 1:17-cv-00040-BAM, 2020 WL 3293066, at *3 (E.D. Cal. Jun. 18, 2020) (noting that although Robidoux "expressly limited its holding to cases involving settlement of a minor's federal claims . . . district courts also have applied this rule in the context of a minor's state law claims.") (citations omitted); A.G.A., 2019 WL 2871160, at *2 n.1 ("The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims . . . however, the Court has federal question jurisdiction and is exercising supplemental jurisdiction over Plaintiffs' state law claims . . . as the case 'involves' the settlement of Plaintiffs' federal claims, the Court applies the Robidoux standard to the entire settlement.").

## IV.

## DISCUSSION

Plaintiffs D.X. and L.X. are bringing both federal and state law claims, and the Court is exercising supplemental jurisdiction over the state law claims. Thus, the Court will apply the Robidoux standard when reviewing the settlement. See A.G.A., 2019 WL 2871160, at *2 n.1; Lobaton v. City of San Diego, No. 15-cv-1416 GPC (DHB), 2017 WL 2298474, at *2 (S.D. Cal. May 26, 2017).

---

[where] the district court had denied in part the parties' motion to approve the proposed settlement, which included as a material term that plaintiffs' counsel would recover approximately 56% of the settlement amount as attorneys' fees . . . The Ninth Circuit found the district court abused its discretion in denying in part the motion based on the amount of attorneys' fees alone because it placed 'undue emphasis on the amount of attorneys' fees provided for in [the] settlement.' " 2019 WL 2871160, at *3 (quoting Robidoux, 638 F.3d at 1181). The A.G.A. court found that in contrast, the attorneys' fees at issue were not a material term of the settlement agreement, there was no express provision for attorneys' fees, and in approving the settlement, the court thus only considered whether the net amount distributed to each plaintiff was fair and reasonable in light of the facts of the case, the minors' specific claims, and recover in similar cases, as required by Robidoux. 2019 WL 2871160, at *3. The court found the "amount of attorneys' fees at issue here is an independent matter, the obligation arising from the retainer agreements between Plaintiffs and their counsel," and would evaluate the request in light of the special duty to safeguard the interests of the minor litigants, as well as the local rule requiring the court to fix the amount of attorneys' fees in an action involving a minor. Id. The court applied California law to evaluate the request for attorneys' fees pursuant to the local rule, and in line with other district courts throughout California. Id. (citations omitted). The court reduced the attorneys' fees from 33% to 25% of the settlement fund. Id. at *4.

Here, the motion and the operative first amended complaint (ECF No. 37), which is incorporated into the petition and this Court's order by reference, set forth the information required under the Local Rules.  At all relevant times (July 2016), Plaintiffs Emanuel Alves and Angelina Nunes's biological son, minor Plaintiff L.X., was five months old.  (ECF No. 37 at 2.)  Minor plaintiff D.X., Ms. Nunes's biological daughter from a prior relationship, was seven years old.  (Id.)  As set forth in the first amended complaint, this action concerns the allegedly unlawful temporary removal of Plaintiffs' minor children from their custody by Defendants, and related child services investigation, which Plaintiffs also claim was unlawful.  (ECF No. 37 at 7–73.)  Plaintiffs' claims, as previously set forth in the Background section of this order, arise from the alleged violations of Plaintiffs' state and constitutional rights and Monell violations by the County.  As a result of Defendants' actions, Plaintiffs suffered extreme emotional distress and related physical manifestations of pain and seek damages accordingly.

As previously ordered by the Court, Angelina Nunes, as appointed guardian ad litem for minor Plaintiffs D.X. and L.X. in this matter, is fully competent to understand and protect the rights of the minor Plaintiffs.  (See ECF Nos. 5, 8; see also Pet. 2.)  The petition states that Plaintiffs have reached a global settlement of this matter with Defendants in the amount of $500,000.00 total.  (Pet. 1.)  This settlement amount pertains to all claims with all Plaintiffs, which includes appeal rights of Plaintiffs and attorney fee claims, as to both the instant action and Nunes II.  (Id. at 1–2.)  The settlement, after payment of attorney's fees and reimbursement of costs advanced by counsel (in the total amount of $13,602.28), shall be apportioned as follows: minor Plaintiffs D.X. and L.X. will each receive $50,000, and adult Plaintiffs Angelina Nunes and Emanuel Alves each receive $68,198.86.  (Id. at 2.)  Plaintiffs approved the apportionment of the settlement and agreed that attorneys' fees in the amount of fifty percent (50%) shall be taken out of the entire settlement amount.  (Id. at 3.)

Counsel proffers the reasons the adult Plaintiffs receive slightly higher settlement amounts than the minor Plaintiffs include: (1) if the minor Plaintiffs should require any further therapy or treatment as a result of the damages suffered as a result of the conduct complained of in the complaints, the adult Plaintiffs will be responsible for that treatment without any claim of

1 reimbursement from the minor Plaintiffs' proceeds; (2) giving the adult Plaintiffs, who are the
2 sole legal custodians of the minor Plaintiffs, a greater amount of funds serves the minor's bests
3 interests because the adults will continue to provide support for their children, both of whom are
4 still very young and dependent upon their parents; and (3) the adult Plaintiffs will have to pay
5 more taxes on their disbursement, whereas "the tax hit [of the minor Plaintiffs] will be
6 inconsequential as compared to the parents." (Powell Decl. ¶¶ 6, 18, 33, 34.) Further, Plaintiffs
7 contend the settlement is fair and reasonable, particularly given the results obtained, which spared
8 the minor Plaintiffs from being subjected to depositions and other discovery that would have been
9 emotionally challenging and memory invoking. (Id. at ¶ 11.)

10  As to the settlement proceeds allocated to minor Plaintiffs D.X. and L.X., the minors'
11 proceeds will be placed into a structured settlement annuity, to be held until at least the minors'
12 achieving the age of eighteen. (Pet. 2, 3; Exs. A, B.) Periodic payments to L.X. (referred to by
13 his legal initials "L.A." in the annuity document attached to the petition (Ex. A)) will be made
14 payable beginning when L.X. turns 18, 21, and 25 years old. (Pet. 2; Powell Decl. ¶¶ 3, 4, 6, 9;
15 Ex. A.) Periodic payments will similarly be made to D.X. (referred to in the annuity document
16 attached to the petition (Ex. B) by her legal initials, "D.N.H.") when she reaches the ages of 18,
17 21, and 25. (Pet. 2; Powell Decl. ¶¶ 3, 4, 6, 10; Ex. B.) These settlement apportionment details
18 were approved amongst all Plaintiffs and Defendants, and in consultation with Marjorie Smith of
19 Sage Settlement Consulting of San Diego, California, a certified financial planner and structured
20 settlement consultant. (Pet. 2; Powell Decl. ¶ 3.)

21  The petition was prepared by lead counsel for Plaintiffs, Robert R. Powell, of Powell &
22 Associates. (See Pet. 8.) In compliance with the California Rules of Court, Rule 7.951, counsel
23 represents his firm was not hired by any Defendant or insurance carrier and does not represent
24 any; Plaintiffs Angelina Nunes and Emanuel Alves entered into an arm's length retainer
25 agreement with Powell & Associates; and the firm has not received any fees or other
26 compensation for services provided in connection with this action, other than those anticipated to
27 be paid by the named Defendants pursuant to the aforementioned settlement. (Powell Decl. ¶¶
28 23–28.)

7

Finally, the Court notes the retainer agreement provides for a contingency fee of 50% and Plaintiffs' attorneys have advanced all costs in connection with these two actions. This includes filing fees, mileage fees, parking fees, copying and reproduction fees, and deposition costs from both this action and Nunes II. (Id. at ¶¶ 29–30.) The hours worked also contemplates both litigations, the first of which was initiated in 2017, multiple interlocutory appeals, and extensive settlement negotiations and collaborations with the Sage Consulting Group to structure the minor Plaintiffs' annuities. (Id. at ¶¶ 31–32.) Counsel proffers the instant cases involve a "very specialized niche of civil rights law" for which only a small number of attorneys within California are qualified to handle. In this niche practice, a contingency fee of 50% is customary. (Id. at ¶ 17.) Moreover, it is associated with significant risk, such as the risk a law firm will not be paid on a case due to the "elusive, shifting, and case-specific nature of immunity analysis and a myriad of other potential pitfalls such as client illness, infirmity, or even death," the possibility of having a case dismissed after thousands of dollars and many attorney hours are expended on experts and discovery, and even the possibility that the plaintiffs prevail at trial but only for nominal damages, or they refuse to accept a settlement. (Id. at ¶¶ 11–14.)

Having considered the unopposed petition, the Court finds that the total settlement amount of $500,000 and the distribution of $50,000 to each minor Plaintiff and $68,198.86 to each adult Plaintiff to be fair and reasonable in light of the facts of the case, the specific claims, and recoveries in similar cases. (See Pls.' Supp. Brief, Nunes II, ECF No. 81 (providing settlement details for following cases));[3] Mann v. Cnty. of San Diego, 907 F.3d 1154 (9th Cir. 2018) (in § 1983 Monell claims alleging county's custom and practice of subjecting children to invasive medical examinations after removing them from family home under suspicion of child abuse, case settled after 9 years, with over 1,000 hours of attorney work and 22 depositions for $1.8 million, which included $50,000 for each of four minor plaintiffs, placed in structured annuities);

---

[3] The Court was required to reference a document not in this casefile, but filed only in the related case, Nunes II, even though the supplemental briefing is clearly applicable to both petitions. In furtherance of the Court's interest in managing its docket, the interests of justice, and general lack of opposition by any defendant to the petition, the Court will consider the related case's filing to the extent it assists the Court in reaching a determination on the fairness and reasonableness of the proposed compromise set forth in the instant petition. However, counsel is reminded that, where cases are related but not consolidated, any filing to be considered in support of a petition must be filed in the case for which it is intended to be considered.

Swartwood v. Cnty. of San Diego, 84 F. Supp. 3d 1093 (S.D. Cal. 2015) (§ 1983 claims that child protective services removed children without warrant, failed to release them, and abused the children during medical exams resulted — after multiple sets of written discovery, third party subpoenas, 16 depositions and 2 motions for summary judgment — in an approved minor's compromise of $81,000 for the child subject to abuse allegations and $68,000 for the younger sibling, to be placed in annuities); N.L. by and through Arce v. Child.'s Hosp. L.A., No. 2:15-cv-7200-AB-SK (C.D. Cal. 2009) (claims that children underwent invasive physical exams without parents' knowledge or consent settled after 6 years with approved minor's compromise of $50,000 for minor plaintiff, which was placed in a blocked account); Rodoni v. Cnty. of Santa Clara, No. 5:18-cv-04325-BLF (N.D. Cal.) (claims that children were wrongfully removed without a warrant on allegations of physical abuse, later wholly refuted, resulted in approved minor's compromise of $15,000 for each child as against defendant county, and $10,000 for each child as to defendant city).

Accordingly, the Court finds the instant petition complies with the procedural requirements set forth under the Local Rules. Further, the Court finds the proposed net amounts of $50,000 to be distributed to each minor Plaintiff to be fair and reasonable, and will therefore recommend approval of the petition for minor's compromise. See Robidoux, 638 F.3d at 1181–82.

**V.**

**FINDINGS AND RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for minor's compromise to compromise as to Plaintiffs D.X. and L.X.'s claims (ECF No. 91) be GRANTED and the settlement be APPROVED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 31, 2022**

UNITED STATES MAGISTRATE JUDGE